UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

**HARVEY STEWART**
Plaintiff

# 04 11598 WGY

v.

**COMPLAINT**

**ANTHONY J. PRINCIPI, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS**
Defendant    MAGISTRATE JUDGE Cohen

RECEIPT # 57383
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 7|9|04

## THE ACTION

1.  The Plaintiff, Harvey Stewart, an employee of the United States

    Department of Veterans Affairs, brings this action seeking compensatory

    and punitive damages against the defendant, Anthony J. Prinicipi,

    Secretary of the Department of Veterans Affairs, for discriminating against

    the Plaintiff (a) for opposing practices that are unlawful employment

    practices under Chapter 21 of Title 42 of the United States Code and (b)

    because the Plaintiff made a charge, testified, assisted or participated in

    any manner in an investigation, proceeding or hearing under Title 42,

    Chapter 21, Subchapter VI of the United States Code, in violation of 42

    U.S.C., § 2000e-3.  He seeks an order requiring the Defendant to reinstate

    him to his previous position, to cease its unlawful discrimination, and for

    compensatory damages.

2

## JURISDICTION AND VENUE

2.   Jurisdiction over the subject matter of this action is conferred upon this
Court by 42 U.S.C., §§ 2000e-5 and 2000e-16 and by 28 U.S.C., § 1331
and because the United States, its officers or agencies, is a Defendant in
this matter.

3.   Venue in the United States District Court, District of Massachusetts is
proper pursuant to 42 U.S.C., § 2000e-5(f)(3), in that the Plaintiff is
employed by the United States Department of Veterans Affairs in
Massachusetts, all of the unlawful employment practices took place in the
judicial district of Massachusetts, and the employment records relevant to
the unlawful employment practices are maintained and administered in the
judicial district of Massachusetts.

## PROCEDURAL REQUIREMENTS

4.   The Plaintiff filed a timely formal Administrative Equal Employment
Opportunity Complaint properly alleging that the Plaintiff was discriminated
against (a) for opposing practices that are unlawful employment practices
under Chapter 21 of Title 42 of the United States Code and (b) because
the Plaintiff made a charge, testified, assisted and/or participated in any
manner in an investigation, proceeding or hearing under Title 42, Chapter
21, Subchapter VI of the United States Code, in violation of 42 U.S.C., §
2000e-3.

5.  On April 26, 2004, the Department of Veterans Affairs mailed to the Plaintiff a Final Order formally notifying him of his right to file a civil action. A copy of the Final Order is attached as Exhibit 1 hereto.

6.  The Plaintiff filed his Complaint in this civil action within ninety (90) days of the date he received notification of his right to sue.

7.  All conditions precedent to the institution of this lawsuit, pursuant to 42 U.S.C. Section 2000e-16(c), have been fulfilled.

## PARTIES

8.  The Plaintiff, Harvey Stewart, resides at 17 Sedgewick Road, Fairhaven, Bristol County, Massachusetts and is employed by the United States Department of Veterans Affairs' Brockton V.A. Medical Center at 940 Belmont Street, Brockton, Massachusetts.

9.  The Defendant, Anthony J. Principi, is the Secretary of Veterans Affairs and the official head of the United States Department of Veterans Affairs.

10. The Defendant, Anthony J. Principi, Secretary of the United States Department of Veterans Affairs, is named under the provisions of Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C., §§ 2000e to 2000e-17 and as amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166, for the United States Department of Veterans Affairs' discrimination against the Plaintiff (a) for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code and (b) because the Plaintiff made a charge, testified, assisted and/or participated in any manner in an investigation, proceeding

or hearing under Title 42, Chapter 21, Subchapter VI of the United States Code, in violation of 42 U.S.C., § 2000e-3.

## FACTS

11.    The Plaintiff, Harvey Stewart, has been an employee of the United States Department of Veterans Affairs, at its Brockton V.A. Medical Center since November, 1994.

12.    The Plaintiff, Harvey Stewart, at all times relevant hereto, performed his job duties at the Brockton V.A. Medical Center competently.

13.    The Plaintiff came to the Brockton V.A. Medical Center with eleven years of experience in mental health and substance abuse treatment and a Masters Degree of Education in Counseling Psychology.

14.    The United States Department of Veterans Affairs hired the Plaintiff to work as a Case Manager in the Brockton V.A. Medical Center's REACH Program, where he worked under the supervision of Robert Hallett from November, 1994 until April, 1999.

15.    The Plaintiff's position as a Case Manager in the REACH Program involved (a) providing individual counseling services, anger management and substance abuse treatment groups and diagnostic psychosocial assessments, and (b) participating in a multidisciplinary treatment team, duties which were consistent with his education, training and experience.

16.    During 1998, the Plaintiff approached Sharon O'Leary, an EEO counselor at the Brockton V.A. Medical Center, to complain about his working

conditions and his limited opportunity for advancement within the United States Department of Veterans Affairs.

17. During his communication with the EEO counselor, Sharon Leary, the Plaintiff opposed practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code.

18. The Equal Opportunity Employment Commission, in an April 17, 2004 decision, ruled that the Plaintiff engaged in protected activity when he consulted with the EEO counselor in 1998.

19. In connection with the Plaintiff's communication with the EEO counselor, Sharon Leary, the Plaintiff made a charge, testified, assisted and participated in an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

20. The Plaintiff's supervisor, Robert Hallett, was aware of the Plaintiff's communication with the EEO counselor, Sharon Leary, and the Plaintiff's opposition to unlawful employment practices under Chapter 21 of Title 42 of the United States Code, as well as the Plaintiff's charge and participation and assistance with an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

21. After the Plaintiff's meeting with the EEO counselor, Robert Hallett unduly scrutinized the Plaintiff's work and subjected him to unfair criticism.

22. In early April, 1999, Robert Hallett falsely accused the Plaintiff of patient abuse.

23.    When Robert Hallett made his false accusations against the Plaintiff,
       Robert Hallett and the United States Department of Veterans Affairs were
       discriminating against the Plaintiff for opposing practices that are unlawful
       employment practices under Chapter 21 of Title 42 of the United States
       Code and for making a charge and participating and assisting with an
       investigation and proceeding under Title 42, Chapter 21, Subchapter VI of
       the United States Code.

24.    On April 13, 1999, shortly after making his false accusations against the
       Plaintiff, Robert Hallett, while acting on behalf of the United States
       Department of Veterans Affairs, involuntarily transferred the Plaintiff from
       his chosen position as a Case Manager to a position as a Health
       Technician in the Gastrointestinal Unit.

25.    As a trained counselor, with a Masters Degree in Education in Counseling
       Psychology, the Plaintiff found the Health Technician position unwelcome,
       demeaning, and inconsistent with his education, experience, training, and
       his career of choice.

26.    The Plaintiff's involuntary transfer resulted in his removal from his chosen
       profession.

27.    The Plaintiff informed his superiors within the United States Department of
       Veterans Affairs that his transfer was unwelcome and demeaning.

28.    When Robert Hallett involuntarily transferred the Plaintiff to a Health
       Technician position, Robert Hallett and the United States Department of
       Veterans Affairs were discriminating against the Plaintiff for opposing

36. Robert Hallett has had overall responsibility for the PATH Program at all times since the time of the Plaintiff's transfer in July, 1999.

37. Robert Hallett assigned Robert Watts to be the Plaintiff's direct supervisor in the PATH Program.

38. Robert Watts is aware of the Plaintiff's communication with EEO counselor, Sharon Leary, and the Plaintiff's opposition to unlawful employment practices under Chapter 21 of Title 42 of the United States Code, as well as the Plaintiff's charge and participation and assistance with an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

39. When Robert Hallett assigned Robert Watts to be the Plaintiff's direct supervisor, he did so knowing that Robert Watts and the Plaintiff had experienced difficulty in working together on a previous assignment and that Robert Watts had expressed hostility toward the Plaintiff.

40. When Robert Hallett assigned Robert Watts to be the Plaintiff's direct supervisor, Robert Hallett and the United States Department of Veterans Affairs were discriminating against the Plaintiff for opposing practices that are unlawful employment practices under Chapter 21 of Title 42 of the United States Code and for making a charge and participating and assisting with an investigation and proceeding under Title 42, Chapter 21, Subchapter VI of the United States Code.

41.   On December 6, 2001, Dr. Charles Swett, a manager in the PATH program, issued a written counseling to the Plaintiff, upon the recommendation of the Plaintiff's immediate supervisor, Robert Watts.

42.   In the December 6, 2001 written counseling, Charles Swett, while acting on behalf of the United States Department of Veterans Affairs, wrongfully accused the Plaintiff of refusing to take patients' vital signs, when the Plaintiff had not refused to take vital signs and taking vital signs was not one of the Plaintiff's job duties.

43.   As a result of the United States Department of Veterans Affairs and its agents and employees' actions, the Plaintiff has been:

      a.  subjected to undue scrutiny and unfair criticism;

      b.  falsely accused of committing patient abuse;

      c.  caused to suffer undesirable job transfers and other adverse employment actions;

      d.  caused to suffer lost wages;

      e.  caused to suffer a loss of opportunities to advance his career;

      f.  subjected to undue hostility from supervisors;

      g.  subjected to unfair and unwarranted disciplinary action, including an undeserved written counseling;

      h.  subjected to a hostile and offensive work environment;

      i.  caused to experience emotional pain and suffering, humiliation, and mental anguish;

      j.  subjected to false accusations, damaging his reputation;

     k. denied the opportunity to practice his chosen profession; and

     l. caused to lose over five years of experience in his chosen profession, damaging his future job prospects.

44. The above-referenced acts of retaliation of the United States Department of Veterans Affairs against the Plaintiff were continuing in nature.

**COUNT I – RETALIATION IN VIOLATION OF 42 U.S.C., § 2000e-3**

45. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 inclusive with like force and effect as if fully set forth herein.

46. The Plaintiff states that his communications with the EEO counselor and his participation and assistance in the investigation of the complaint he communicated to the EEO counselor were protected activities and constituted opposition to unlawful employment practices, within the meaning of the Civil Rights Act of 1964, §§ 701-717 as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub.L.No. 102-166, and/or other applicable law.

47. The Plaintiff says that the United States Department of Veterans Affairs, by each of the actions described above, has displayed discriminatory and retaliatory animus toward the Plaintiff in violation of the Civil Rights Act of 1964, §§ 701-717 as codified in 42 U.S.C. §§ 2000e-2000e-17, and as amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub.L.No. 102-166, and/or other applicable law.

48. The Defendant has discriminated against the Plaintiff, Harvey Stewart, for opposing practices that are unlawful employment practices under Chapter

21 of Title 42 of the United States Code, in violation of 42 U.S.C., §
2000e-3.

49.   The Defendant has discriminated against the Plaintiff, Harvey Stewart,
      because he made a charge, testified, assisted, or participated in any
      manner in an investigation, proceeding or hearing under Title 42, Chapter
      21, Subchapter VI of the United States Code, in violation of 42 U.S.C., §
      2000e-3.

50.   The United States Department of Veterans Affairs' acts of retaliation
      against the Plaintiff described herein, were willful and deliberate.

51.   The United States Department of Veterans Affairs' acts of retaliation
      against the Plaintiff constituted a continuing violation of 42 U.S.C., §
      2000e-3.

52.   As a result of the retaliatory actions of the United States Department of
      Veterans Affairs described herein, the Plaintiff suffered damages by being:

      a.  subjected to undue scrutiny and unfair criticism;

      b.  falsely accused of committing patient abuse;

      c.  caused to suffer undesirable job transfers and other adverse
          employment actions;

      d.  caused to suffer lost wages;

      e.  caused to suffer a loss of opportunities to advance his career;

      f.  subjected to undue hostility from supervisors;

      g.  subjected to unfair and unwarranted disciplinary action, including
          an undeserved written counseling;

12

    h.  subjected to a hostile and offensive work environment;

    i.  caused to experience emotional pain and suffering, humiliation, and mental anguish;

    j.  subjected to false accusations, damaging his reputation; and

    k.  denied the opportunity to practice his chosen profession; and

    l.  caused to lose over five years of experience in his chosen profession, damaging his future job prospects.

WHEREFORE, the Plaintiff makes the following claims for relief: (1) that the Defendant pay the Plaintiff compensatory damages, including but not limited to, back pay, front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, and all other such damages as may be permitted; (2) that the Defendant pay to the Plaintiff exemplary damages; (3) that the Defendant pay to the Plaintiff interest from the time of the injuries until the time of the filing of the claims in this matter; (4) that the Defendant pay to the Plaintiff interest from the time of the filing of this claim until the date of judgment; (5) that the Defendant pay to the Plaintiff his reasonable attorneys' fees; (6) that the Defendant reinstate the Plaintiff to his chosen position as Case Manager in the Defendant's REACH Program at its Brockton V.A. Medical Center; and (7) that the Court order such other relief as may be just and appropriate.

**JURY CLAIM**

The Plaintiff claims the right to a jury trial in this matter as to all matters so triable pursuant to the laws and Constitution of the United States of America.

                                        HARVEY STEWART,
                                        By his Attorney,


                                        Scott W. Lang, Esquire  BBO #285720
                                        Lang, Xifaras & Bullard
                                        115 Orchard Street
                                        New Bedford, MA 02740
                                        (508) 992-1270

Dated: July _____, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HARVEY STEWART

## DEFENDANTS

ANTHONY J. PRINCIPI, SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

**(b)** County of Residence of First Listed Plaintiff   Bristol, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott W. Lang, Esquire, Lang, Xifaras & Bullard,
115 Orchard Street, New Bedford, MA  02740
(508) 992-1270

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  (U.S. Government Not a Party)
- ☒ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | **PERSONAL INJURY** ☐ 362 Personal Injury — Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal employee claiming his employer violated 42 U.S.C., 2000e-3 by discriminating against him (a) for opposing unlawful employment practices and (b) because he made a charge, testified, and/or participated in an investigation under Title 42, Chapter 21, Subchapter VI of the U.S. Code.

## VII. REQUESTED IN
COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

**DEMAND $**
$250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
7/19/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) <u>HARVEY STEWART v. ANTHONY J. PRINCIPI,</u>
   <u>SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
   local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.                                                   04 11598 WGY

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See          YES ☐     NO ☒
   28 USC §2403)

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?                                                           YES ☐     NO ☒

                                                                                                                                        YES ☐     NO ☐      N/A

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                                                                        YES ☐     NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).
                                                                                                                                        YES ☒     NO ☐

   A.   If yes, in which division do <u>all</u> of the non-governmental parties reside?

        Eastern Division ☒          Central Division ☐          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)
                                                                                   N/A        YES ☐     NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Scott W. Lang, Esquire
ADDRESS  115 Orchard Street, New Bedford, MA  02740
TELEPHONE NO.  (508) 992-1270

(Coversheetlocal.wpd - 10/17/02)