IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HARVEY STEWART                          )
     Plaintiff                          )
                                   )     Civ. Action No. 04-11598-WGY
                                   )
     v.                                 )
                                   )
ANTHONY J. PRINCIPI, SECRETARY          )
U.S. DEPARTMENT OF VETERAN AFFAIRS,     )
                                   )
     Defendant                          )

## MEMORANDUM IN SUPPORT OF  MOTION TO DISMISS

In July, 1998, plaintiff Harvey Stewart visited an Equal Employment Opportunity (EEO) counselor and discussed his working conditions and "limited opportunity for advancement." He did not file a complaint, or otherwise initiate any administrative process. More than three years later, in December, 2001, plaintiff commenced an administrative EEO complaint that alleged reprisal for the 1998 consultation with an EEO counselor. This action under Title VII, 42 U.S.C. § 2000e-3, followed. The case must be dismissed because it was filed prior to the expiration of the period set by regulation for plaintiff's appeal of the final agency decision to the Equal Employment Opportunity Commission ("EEOC"), so that the Court lacks jurisdiction. In any event, however, the Complaint must be dismissed with prejudice because on its face it shows that all but one of the alleged adverse employment actions are time barred; there is no causal connection between the purported protected activity in 1998 and the alleged adverse employment action taken by a different supervisor years later; and upon the most generous reading of the facts pleaded, the Complaint fails to state a claim for hostile work environment discrimination.

## FACTUAL ALLEGATIONS[1]

Plaintiff has been employed by the United States Department of Veterans Affair ("VA") at Brockton V.A. Medical Center since November 1994. Complaint, ¶ 11. Plaintiff was hired as a Case Manager in Brockton's REACH Program, where he provided individual counseling services, anger management and substance abuse treatment groups, and participated in a multi-disciplinary treatment team. Id. at ¶¶ 14-15. Plaintiff worked under the supervision of Robert Hallett ("Hallett") from November 1994 until April 1999. Id. at ¶ 14. In July, 1998, plaintiff "approached" an EEO counselor to "complain about his working conditions and his limited opportunity" for career advancement. Id. at ¶ 16. Plaintiff does not allege that he informed the counselor in 1998 that he believed he was discriminated against on any of the bases protected by Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e. See Complaint, ¶¶ 16-19. Plaintiff does not allege that he filed an informal or formal EEO complaint of discrimination following his "communication" with the EEO counselor. Id.

Plaintiff now complains that six things that occurred over the following three and a half years constitute reprisal for his conversation with the EEO counselor in 1998. First, at some unspecified time after Hallett learned of plaintiff's "communication" with an EEO counselor, plaintiff was subjected to unspecified "undue scrutiny and unfair criticism." Id. at ¶¶ 20-21. Second, in April, 1999, *ten months* after the visit to the EEO counselor, Hallett falsely accused plaintiff of patient abuse. Id. at ¶ 22. Third, on April 13, 1999, plaintiff was involuntary transferred by Hallett to a position as a Health Technician in the Gastrointestinal Unit. Id. at ¶ 24. Fourth, in July, 1999, *one year* after the EEO visit, plaintiff was involuntary transferred

---

[1]Solely for purposes of this Motion, defendant accepts the allegations of the Complaint as true.

again to his current position at the PATH Program as a Health Technician/Advocate position. Id. at ¶ 31. Fifth, Hallet assigned Robert Watts ("Watts"), as plaintiff's direct supervisor, when Hallett purportedly knew "that Robert Watts and the Plaintiff had experienced difficulty in working together on a previous assignment" and that Watts "had expressed hostility" toward plaintiff. Id. at ¶¶ 38-39. Finally, on December 6, 2001, *three and a half years* after the EEO visit, Dr. Charles Swett ("Dr. Swett") issued a so-called written counseling to plaintiff. Id. at ¶ 41. Plaintiff does not allege that he visited an EEO counselor again or filed an administrative EEO complaint between July, 1998, and the informal complaint initiating this action, in December, 2001, following the written counseling.

Plaintiff concedes that his sole claim of a Title VII violation is based on retaliation. Id. at ¶¶ 4, 45-52. He does not allege that he was discriminated against as a member of any class protected by Title VII, the Age Discrimination in Employment Act, or the Rehabilitation Act.

## ARGUMENT

The Complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff did not exhaust his administrative remedies, as required by Title VII, because he appealed the final agency decision to the EEOC, and then did not wait the requisite time before filing this action in United States District Court. In any event, however, plaintiff does not state a claim for retaliation. A motion to dismiss should be granted where it appears beyond a doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief. Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998). In considering a motion to dismiss, the court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. Watterson v. Page, 987

F.2d 1, 3 (1st Cir. 1993).  A court is not obliged, however, to "credit bald assertions . . .

unsubstantiated conclusions . . . subjective characterizations, optimistic predictions, or

problematic suppositions."  U.S. v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).

      Plaintiff here alleges in a single count that the VA has subjected him to reprisal for

engaging in a protected activity in 1998, his "communication" with an EEO counselor.

Complaint, ¶ 4.  That sole allegation of engaging in protected activity is based on the 1998 visit

to an EEO counselor, in which plaintiff alleges he discussed  his "working conditions" and

"limited opportunity for career advancement."  Id. at ¶ 16.  Plaintiff does not allege that in 1998

he reported any Title VII violation that he believed limited his opportunity for career

advancement.  Plaintiff did not file a formal administrative complaint in 1998.  The incidents of

alleged retaliation are either time-barred, or there is simply no causal nexus between them and

the 1998 "communication" with an EEO counselor.

### A.    The Court Lacks Jurisdiction Over Plaintiff's Complaint Because He Failed to Exhaust his Administrative Remedies.

      The district court lacks jurisdiction over this claim since plaintiff did not file his

complaint in compliance with the governing regulations.  Plaintiff forwarded an appeal to EEOC

on May 25, 2004, (see Exhibit A hereto)[2], but has neither received a decision, nor waited the 180

---

[2]The First Circuit recognizes that in considering a motion to dismiss the court may consider "not only the complaint, but also matters fairly incorporated within it and matters  susceptible to judicial notice."  Cruz v. Melecio, 204 F.3d 14, 21-22 (1st Cir. 2000) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996)).   See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir.1993) (listing exceptions to rule that ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, including exception for documents that are central to the claims).  This applies with even more force when the Court is determining its jurisdiction on a motion brought under Rule 12(b)(1).  Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37(1st Cir. 2000) (on a 12(b)(1) motion, the court, without conversion, may consider extrinsic materials);  White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995) ("The Court can look beyond the pleadings -- to affidavits and

days dictated by regulation before filing this action.  It is well settled that before filing a Title

VII case in federal court, a plaintiff must first exhaust his or her administrative remedies.

Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990).  Exhaustion requires complying with EEO

regulations governing the procession of discrimination claims, 29 C.F.R. §§ 1614.407, et seq.,

including those regulations governing filing of an appeal and/or civil action.  23 C.F.R. §

1614.407.  See also Jones v. Ashcroft, 321 F. Supp. 2d 1, 11 (D.D.C. 2004) (granting

defendant's motion to dismiss where plaintiff filed a civil claim prior to 180 days from the date

of filing an appeal).  Courts have recognized that Title VII and its implementing regulations

reflect Congress's "unambiguous policy of encouraging informal resolution of charges up to the

[last] day."  Martini v. Fannie Mae, 178 F.3d 1336, 1347 (D.C. Cir. 1999) (upholding dismissal

of civil action where filing was premature, because filed prior to the 180 days after initial EEO

complaint).

    Under 23 C.F.R. § 1614.407, a complainant who receives an unfavorable final agency

decision is authorized under Title VII to file a civil action in United States District Court: a)

within nintey days of receipt of the final action if no appeal has been filed; b) after 180 days

from the date of filing an individual complaint if an appeal has not been filed and final action has

not been taken; c) within ninety days of receipt of filing of the Commissioner's final decision on

an appeal; or d) after 180 days from the date of filing an appeal with the EEOC if there has been

no final decision by the EEOC.  23 C.F.R. § 1614.407.  See Complaint, Ex. 1 at 2-3.

---

depositions--in order to determine jurisdiction.") (citing Charles A. Wright & Arthur R. Miller, Federal
Practice and Procedure: Civil § 1363 (1990)).  Here, plaintiff alleges he exhausted his administrative
remedies, Complaint, ¶¶ 4-6, and even attaches the final agency order, listing the requirements for filing
an appeal and civil action.  The appeal itself, then, is central to his claim.

After receiving the April 26, 2004 Final Agency Decision, plaintiff received filed this civil complaint on July 19, 2004.  Plaintiff had already filed a Notice of Appeal with the EEOC, however, on May 25, 2004.  The EEOC has not yet made a final decision on plaintiff's appeal. As plaintiff has filed an appeal, both subsections (a) and (b) do not apply. 23 C.F.R. §§ 1614.407(a), (b).  Similarly, subsection (c) under § 1614.407 is not applicable because the EEOC has not yet issued a final decision on the appeal. 23 C.F.R. § 1614.407(c).  Therefore, plaintiff could not file his complaint until the expiration of 180 days from the filing of his appeal, 23 C.F.R. § 1614.407(d), or not until November 21, 2004.   Accordingly, the District Court does not have jurisdiction over the Complaint.  Moreover, plaintiff's claim should be dismissed with prejudice because plaintiff has failed to state a claim for which relief can be granted.

**B.     All But One of Plaintiff's Allegations of Adverse Employment Actions are Time Barred Because They Were Not Reported to an EEO Counselor Within the Required 45 Days.**

As stated above, before filing a Title VII case in federal court, plaintiff was required to first exhaust his administrative remedies.  Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). Exhaustion requires complying with EEO regulations governing the procession of discrimination claims, 29 C.F.R. §§ 1614.101, et seq., including those regulations that require timely filing of an administrative complaint with the federal agency that purportedly engaged in the discrimination.  29 C.F.R. § 1614.106.  See Roman-Martinez v. Runyon, 100 F.3d 213, 216-217 (1st Cir. 1996) (upholding dismissal of complaint because of employee's failure to meet time limits precluded suit).  For federal employees, an administrative discrimination complaint  must be brought to the attention of an EEO counselor within 45 five days of the alleged discrimination.  29 C.F.R. § 1614(a)(1).  The United States Supreme Court has endorsed the 45-

day deadline, and recognized that "by choosing what are obviously quite short deadlines,

Congress clearly intended to encourage the prompt processing of all charges of employment

discrimination." Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980). Here, plaintiff filed an

informal complaint with the EEO on December 7, 2001, alleging reprisal. Any alleged

employment action occurring more than 45 days earlier -- that is, prior to October 23, 2001 -- is

therefore time barred. All of the alleged adverse employment actions, except the December 6,

2001, written counseling, occurred years prior to October 23, 2001, and are therefore time barred

as a matter of law.

Nor may plaintiff bootstrap prior time barred incidents into the present litigation. The

Supreme Court has held that a plaintiff seeking to bring a claim under Title VII based on a

discrete act must file a complaint within the specified time period from the date the act occurred.

Nat'l R.R. Passenger Corp. v. Morgan, ("Morgan") 536 U.S. 101, 110, (2002). A discrete act

constitutes a separate actionable "unlawful employment practice" that occurs on the day it

"happened." Id. at 110. The Court specifically designated termination, failure to promote,

denial of transfer, or refusal to hire as discrete acts which must be timely complained of. Id. at

114. A discrete act is not actionable if time barred, even when the act is related to acts alleged in

a timely filed charge. Id. at 113.[3]

Based on Morgan, plaintiff here is barred from pursuing a claim of reprisal based on any

event besides the December 6, 2001, written counseling. Plaintiff's two factual allegations of

involuntary transfers in 1999 are discrete acts. Miller v N.H. Dep't of Corr., 296 F.3d 18, 22 (1st

---

[3] The court distinguished hostile work environment claims from discrete acts, since the former by
their very nature involve repeated conduct which may occur over a series of days or years. Id. at 115.

Cir. 2002) (under Morgan it is clear that a transfer is a discrete act). Since plaintiff was transferred to the gastrointestinal unit on April 13, 1999, and then to PACE in July of 1999, plaintiff would have to have initiated an administrative EEO complaint about the first transfer by June, 1999, at the latest, and the second by October, 1999, in order to challenge these personnel actions under Title VII. Plaintiff did not initiate his complaint until December 7, 2001, however, more than two years after the period provided for by Congress, and consequently, a Title VII claim based on those actions is barred. To the extent the Complaint is based on the transfers, the claims must be dismissed.

Plaintiff's allegation that Hallet accused plaintiff of patient abuse in retaliation for his 1998 EEO visit is likewise time barred. When determining whether an act is discrete, courts will look at whether the action has the potential for concrete adverse consequences on plaintiff's employment status. Rojas v. Principi, 326 F. Supp. 2d 267, *17 (D.P.R. 2004). In Miller, the court found that a letter of warning and performance evaluations were discrete acts as they represented a tangible injury. Miller, 296 F.3d at 22. Similarly, an accusation of abuse represents a tangible injury and should be considered a discrete act. If the accusation was pursued, plaintiff faced the potential of disciplinary actions and/or termination. Since plaintiff specifically identifies April 13, 1999, as the date Hallet "wrongly" accused him of patient abuse, plaintiff would have to have initiated an informal EEO administrative complaint by June, 1999. Thus, he is barred from pursuing a Title VII violation claim based on that accusation.

Plaintiff also alleges an adverse personnel action when, in connection with plaintiff's transfer to PACE, Hallet assigned Watts as Plaintiff's direct supervisor, knowing that Watts and plaintiff had "experienced difficulty in working together" and Watts had "expressed hostility"

towards plaintiff.  This personnel action can also be considered a discrete act, since the

assignment of a supervisor occurred on one day in July of 1999, and by plaintiff's own

allegations he must have immediately recognized this as "adverse," since he alleges he

previously had "difficulty" with Watts.  Moreover, plaintiff does not allege that Watts thereafter

engaged in any harassment or conduct that would amount to a continuous violation.  In any

event, however, plaintiff does not allege any additional adverse actions between July, 1999,

when Watts was appointed as his supervisor, and the December, 2001, written counseling by Dr.

Swett.  If considered  a discrete act, plaintiff had until September, 1999, to file an administrative

complaint with an EEO counselor based on Hallet assigning Watts as plaintiff's supervisor.  If

not considered a discrete adverse employment action, it is nonetheless not actionable because, by

itself, it is simply not indicative of conduct violative of Title VII.  Title VII is not a general

"civility code," nor does it purport to prohibit all verbal or physical harassment in the workplace.

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998); Faragher v. City of Boca

Raton, 524 U.S. 775, 787-88 (1998).  Rather, because Title VII is directed at discrimination,

actionable harassment must be based on conduct that is so extreme it alters the terms and

conditions of employment.  Faragher, 524 U.S. at 787-788.  Plaintiff alleges Watts was assigned

as plaintiff's supervisor when plaintiff was transferred to the PACE program in 1999.  That bare

allegation does not describe discriminatory conduct, and cannot support a 2001 claim of

retaliation.[4]

---

[4] Likewise, the vague, conclusory allegation of being subjected to "undue scrutiny" is not
actionable.  Plaintiff specifies neither the dates of any such scrutiny, nor any adverse consequences.  See
Blackie v. State of Maine, 75 F.3d 716, 725 (1st Cir. 1996) ("[i]n a retaliation case, as in virtually any
other discrimination case premised on disparate treatment, it is essential for the plaintiff to show that the
employer took a materially adverse employment action against him").  "Undue scrutiny" and "unfair
criticism" by themselves are not adverse personnel actions.  An "adverse employment action" is a

Plaintiff's only remaining factual allegations of an adverse employment action is the December 6, 2001, written counseling. The December 6, 2001, written counseling was given by a different supervisor (Hallet had not supervised plaintiff since 1999, Complaint, ¶ 14) and is therefore a discrete event, not related to the 1999 transfers. Since plaintiff filed an informal complaint with an EEO counselor on December 7, 2001, he satisfies the statutory time period. Nonetheless, to the extent his claim of reprisal is based on this adverse personnel action, it likewise must be dismissed because there is no causal nexus even alleged between the December, 2001, action and the visit to an EEO counselor more than three years earlier.

### C.    Defendant's Motion to Dismiss Should be Granted Because Plaintiff's Claim of Reprisal Based on the December 6, 2001, Written Counseling is Not Causally Connected to His Protected Activity.

To sustain an action for retaliation under Title VII, plaintiff must show that: (1) he engaged in protected conduct under Title VII; (2) he experienced an adverse employment action; and (3) a causal connection exists between the protected conduct and the adverse action. Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002). Defendant for purposes of this motion does not dispute that plaintiff engaged in protected activity in 1998 when he visited the EEO office, or that the December 6, 2001, written counseling is an adverse employment action. There is no nexus between the two, however, that is alleged in the complaint beyond the conclusory contention that the latter was in retaliation for the former. Plaintiff cannot prove a set of facts which would show that the written counseling in 2001 is causally connected to the protected activity in 1998. Where, as here, plaintiff cannot establish a causal link between protected

---

materially adverse change in the terms and conditions of employment. Weeks v. New York State, 273 F.3d 76, 85 (2d Cir. 2001). Nor, without more, do those allegations state a claim for hostile environment. See Section D, infra

10

activity and adverse employment action, judgement as a matter of law is appropriate.

Hernandez-Torres v Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998) (affirming

judgment as a matter of law where plaintiff failed to offer facts indicating that his informal

complaint caused any adverse actions to establish the causal link necessary to prove retaliation).

See also McNair v. NYC Health & Hosp. Co., 160 F. Supp. 2d 601, 605 (S.D.N.Y. 2001)

(12(b)(1) and (b)(6) motions granted as three years between protected activity and adverse

employment action "is too far removed . . . to support an inference of a causal connection under

Title VII."); Rochon v. Ashcroft, 319 F. Supp. 2d 23, 32 (D.C. Cir. 2004) (12(b)(6) motion

granted where as a matter of law there was no causal connection).

        Courts have further articulated to establish a causal connection, employee must show that

the employer was aware of the protected activities and that the discharge followed the protected

activities within such a period of time that the court can infer retaliatory motivation.  Hochstadt v

Worcester Found. for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass. 1976); aff'd

545 F.2d 222 (1st Cir. 1976).  Here, plaintiff does not allege Dr. Swett  knew plaintiff had

complained about a Title VII violation.  Moreover, the three and one half years that elapsed

between the counselor visit and the written counseling about his job performance does not permit

the inference of retaliatory motive.  "A showing of discharge soon after the employee engages in

an activity specifically protected by . . . Title VII is indirect proof of a causal connection between

the firing and the activity because it is strongly suggestive of retaliation." Calero-Cerezo v U.S.

Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004) citing Oliver v. Digital Equip. Corp., 846 F.2d

103, 110 (1st Cir. 1988).  The First Circuit has held that when an employee engaged in a

protected activity in 1997 and was discharged one year later, there was not sufficient facts for a

jury to conclude a causal connection.  Benoit v Technical Mfg. Corp., 331 F.3d 166, 175 (1st

Cir. 2003).  See also, Dressler v Daniel, 315 F.3d 75, 80 (1st Cir. 2003) (court found that no

reasonable jury could find that a two year period could satisfy a causal connection,  "the

inference of a causal connection becomes more tenuous with time."); Mesnick v. General

Electric Co., 950 F.2d 816, 828 (1st Cir. 1991) (nine-month period suggests an absence of a

causal connection).  Courts have only found a causal connection only when the temporal

proximity is very short.  For example in Calero, the court did find a causal connection as only

one month had elapsed between the two events.  Calero, 355 F.3d at 26.  However, in its

decision, the court referenced other jurisdictions who did not find a causal connection when

three or four months had passed.  Id. at 25 citing Richmond v ONEOK, Inc., 120 F. 3d 205, 209

(10th Cir. 1997); Hughes v Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992).   Here, the

written counseling occurred at least three years after the alleged protected activity.[5]

       Where courts have held that even three, four or nine months do not establish a causal

connection, plaintiff's allegations that he experienced reprisal three years later for engaging in

protected activity is insufficient.  Further, in the interim three years plaintiff's supervisor

changed at least once.  The inference of a causal connection is more tenuous when the supervisor

who "recommended" an adverse personnel action is different from the supervisor who an

employee may have discussed in a much earlier "visit" to the EEO counselor.

        There are no factual allegations that suggest Watts would have had a motive to retaliate

against plaintiff for an EEO visit that occurred three years earlier when Watts was not even

_____

       [5]In his complaint, Mr. Stewart does not allege a specific date in 1998 that he went to see the EEO
office.  Reading the factual allegations in the best possible light for the plaintiff, means assuming the visit
occurred in December, 1998, which means the alleged retaliatory adverse employment action occurred
three years later.

plaintiff's supervisor.  Regardless, knowledge alone is not sufficient evidence to establish a

causal connection.  Courts have held that when an employer knew an employee had engaged in

protected activity and terminated the employee one year later, there was no causal connection.

Benoit, 331 F.3d at 175 (employee complained to Hanson individually and in a formal meeting

in 1997 and Hanson later terminated Benoit).  Moreover, plaintiff has not alleged that the

manager who issued the written counseling, Dr. Swett, had any knowledge of plaintiff's 1998

EEO visit.  The inference of a causal connection is weak when the adverse personnel action was

issued by a new supervisor who had no knowledge of the protected activity but would have had

to learn about it from a second hand source, three years later.  By itself, the December, 2001,

written counseling is simply not sufficiently connected to the 1998 counselor visit to be

actionable as reprisal.

> **D.    Plaintiff's Claim of a "Continuing Violation" and "Hostile and Offensive Work Environment" Should Be Dismissed Because Plaintiff Has Failed to Allege a Set of Facts That Establish Either.**

Plaintiff alleges that the six purportedly retaliatory actions, over three and a half years, by

three different supervisors, constitute a "continuing violation" of Title VII, and evidence a

"hostile and offensive work environment."  Complaint at ¶ 43(h), 51, 52(h).  First, the discrete

acts alleged (the two transfers, the allegedly false accusation, and the assignment of a new

supervisor, all of which occurred in 1999), cannot be "swept in" to a continuing violation theory

because each is a separately actionable violation, for which plaintiff had to timely institute an

administrative claim.   The remaining untimely allegation -- being subject to "undue scrutiny" –

cannot as a matter of law be the basis for a claim of continuing violation/hostile work

environment.

Under Title VII, a claim of hostile work environment may not be time barred based on the theory of continuing violation, if at least one of the events complained of occurred within the statutory time period.  See Morgan, 536 U.S. at 122.  The time-barred incidents must be related to the action occurring within the limitations period, however, in order to constitute a pattern of discriminatory actions, or single continuing violation. See, e.g., DeNovellis v. Shalala, 124 F.3d 298, 308 (1st Cir. 1997) (pre-Title VII events not actionable as part of continuing violation where reasons for post-Act deprivation of duties and assignments by different supervisor were "neither analogous nor part of the same pattern or series").   Here, the only timely personnel action is the written counseling in December 2001, a disciplinary action taken by a new and different supervisor from the supervisor plaintiff had at the time of the 1998 visit to the EEO counselor and subsequent "undue scrutiny."   Indeed, Hallett ceased to supervise plaintiff in1999, two years before plaintiff initiated the administrative EEO complaint, and therefore Hallett's undue scrutiny and unfair criticism had to have ended more than two years before the written counseling from a different supervisor.   Plaintiff's attempt to "reach back" to bring in the time-barred "undue scrutiny" and "unfair criticism" from 1999 under a theory of continuing violation therefore fails on its face.[6]

Since the single timely incident alleged by plaintiff (the December 2001 written counseling) is a discrete act of personnel discipline, and could not in any event be considered under any objective standard to be severely or pervasively abusive, there is simply no supportable claim for hostile environment discrimination.  See  Che v. Mass. Bay Transp. Auth.,

---

[6]In any event, such conduct is insufficient to support a hostile environment claim.  While employees may dislike being subject to scrutiny and criticism from their bosses, courts have found that such behavior may be offensive but is "simply not severe enough to amount to a hostile work environment." Foley v. Proctor & Gamble Distrib. Co., 2003 U.S. Lexis 12422, *7 (D. Mass, 2003).

342 F.3d 31, 40 (1st Cir. 2003).   A hostile work environment is not created by an isolated

incident.  See Kosereis v. R.I., 331 F.3d 207, 216-217 (1st Cir. 2003).

## CONCLUSION

The Complaint must be dismissed for lack of jurisdiction and should be dismissed for

lack of jurisdiction and should be dismissed with prejudice for failure to state a claim upon

which relief can be granted.  Plaintiff is barred from pursuing a claim against his employer based

on the two 1999 transfers, the 1999 accusation of patient abuse, and the 1999 supervisor

assignment because plaintiff failed to initiate an EEO complaint within 45 days of the discrete

acts.  As a matter of law, plaintiff cannot establish the prima facie requirement of a causal

connection between the protected activity and the adverse employment action occurring more

than three years later.  Plaintiff is barred from asserting a claim of continuing violation because

there are no factual allegations which occurred during October, 2001, and December, 2001.

Finally, plaintiff cannot establish as a matter of law that he was subjected to a hostile work

environment entitling him to relief.  For these reasons, defendant's motion to dismiss should be

granted the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney

 /s/Barbara Healy Smith
By:    Barbara Healy Smith
       Assistant U.S. Attorney
       John Joseph Moakley U.S.   Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3263

Dated:   5 October 2004

16