IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARVEY STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  04-11598-WGY |
| | ) | |
| R. JAMES NICHOLS, [1] SECRETARY | ) | |
| U.S. DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant R. James Nichols, as he is Secretary of the United States Department of

Veterans Affairs ("VA"), by and through the undersigned counsel, hereby asserts its defenses

and answer to the numbered paragraphs of Plaintiff Harvey Stewart's Complaint (Complaint), as

follows:

## THE ACTION

1.      The allegations contained in Paragraph 1 constitute plaintiff's characterization of

this action to which no response is required.   To the extent Paragraph 1 is deemed to set forth

factual allegations to which a response is required, such allegations are denied.

## THE JURISDICTION AND VENUE

2.      Paragraph 2 sets forth a statement of jurisdiction and as such is a legal conclusion

to which no response is required.

3.      Paragraph 3 is a statement of venue and characterization of plaintiff's claims and

as such is a legal conclusion to which no response is required.   To the extent Paragraph 3 is

deemed to set forth factual allegations to which a response is required, such allegations are

---

[1]      R. James Nichols is automatically substituted for former Secretary, U.S. Department of
Veterans Affairs Anthony J. Principi pursuant to Rule 25(d)(1), Fed. R. Civ. P.

denied, except that defendant admits that plaintiff is employed at the Brockton VA Medical

Center in Brockton, Massachusetts.

## PROCEDURAL REQUIREMENTS

4.      Paragraph 4 sets forth legal conclusions to which no response is required.  To the

extent Paragraph 4 is deemed to set forth factual allegations to which a response is required, such

allegations are denied, except that defendant admits that plaintiff filed an administrative

complaint alleging violations of Title VII.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant is without information or knowledge sufficient to form a belief as to

the truth of the allegation in Paragraph 6 of the Complaint, and on that basis denies the

allegations.

7.      The allegation in Paragraph 7 is a conclusion of law to which no response is

required.   To the extent Paragraph 7 is deemed to set forth factual allegations to which a

response is required, such allegations are denied.

## PARTIES

8.      Defendant is without information or knowledge sufficient to form a belief as to

the truth of the allegation in the first clause of Paragraph 8 of the Complaint, and on that basis

denies the allegations.  Plaintiff admits the allegations in the second clause related to plaintiff's

employment.

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant admits that the Secretary of the Affairs is the appropriate defendant for

an action under Title VII.  Further answering, defendant states that the statute cited in Paragraph

10 of the Complaint speaks for itself and is the best evidence of its contents.

2

## FACTS

11.     Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 12, and on that basis denies the allegations.

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 13, and on that basis denies the allegations.

14.     Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 15 of the Complaint, and on that basis denies the allegations.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 16, and on that basis denies the allegations.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 17, and on that basis denies the allegations.  Further answering, defendant states that in 1998 plaintiff, a white male, did not institute an administrative complaint alleging violations of Title VII in the form of discrimination based on any of the classifications protected by Title VII.

18.     Based upon information and belief, the United States affirmatively alleges that the Equal Employment Opportunity Commission issued a decision on April 14, 2004, pursuant to 29 C.F.R. §§ 1614.109(b), (g) or (i), finding that Plaintiff failed to prove that he was discriminated against on the basis of reprisal for participating in protected EEO activity and in the course of making that decision, referred to a record of investigation.  Based upon information and belief, the allegation in Paragraph 18 of the Complaint concern facts reflected in the administrative

record, which is the best evidence of its contents.

19.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint, and on that basis denies the allegations.  Further answering, defendant incorporates his response to Paragraph 17.

20.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint, and on that basis denies the allegations.

21.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 21 of the Complaint, and on that basis denies the allegations.  Further answering, defendant states that to the extent plaintiff now complains of actions that occurred between 1998 and April 1999, when Robert Hallett ceased to be plaintiff's supervisor, such allegations are time-barred because plaintiff did not initiate contact with an EEO counselor about any such "scrutiny" within the forty-five days required by Title VII's implementing regulations.

22.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint, and on that basis denies the allegations.  Further answering, defendant states that to the extent plaintiff now complains of actions that occurred "in early April 1999," such allegations are time-barred because plaintiff did not initiate contact with an EEO counselor about the allegations within the forty-five days required by Title VII's implementing regulations.

23.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 23 of the Complaint, and on that basis denies the allegations.  Further answering, defendant states that to the extent plaintiff now complains of

actions that occurred in early April 1999, such allegations are time-barred because plaintiff did not initiate contact with an EEO counselor about the allegations within the forty-five days required by Title VII's implementing regulations.

24.    In response to the allegations set forth in Paragraph 24 of the Complaint, defendant states that to the extent plaintiff now complains of actions that occurred on April 13, 1999, such allegations are time-barred because plaintiff did not initiate contact with an EEO counselor about the allegations within the forty-five days required by Title VII's implementing regulations.  Further answering, defendant admits that plaintiff was transferred to the position of Health Technician in the Gastrointestinal Unit.

25.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 26 of the Complaint, and on that basis denies the allegations.

27.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint, and on that basis denies the allegations.

28.    Paragraph 28 sets forth legal conclusions to which no response is required.  To the extent Paragraph 28 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

29.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 29 of the Complaint, and on that basis such allegations

are denied.

30.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 30 of the Complaint, and on that basis such allegations are denied.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, defendant states that to the extent plaintiff now complains of actions that occurred in July 1999, such allegations are time-barred because plaintiff did not initiate contact with an EEO counselor about the allegations within the forty-five days required by Title VII's implementing regulations. Further answering, defendant admits that plaintiff was transferred to the position of Health Technician/Advocate in the PATH program, the position plaintiff currently holds.

32.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 32 of the Complaint, and on that basis denies the allegations.

33.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 33 of the Complaint, and on that basis denies the allegations.

34.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 34 of the Complaint, and on that basis denies the allegations.

35.     Defendant admits the allegations in Paragraph 35 of the Complaint.  Further answering, defendant states that plaintiff did not initiate contact with an EEO counselor within forty-five days of the allegedly involuntary and unwelcome transfer, as required by Title VII's implementing regulations, but worked in that position until mid-December 2001, nearly two and

a half years, before he initiated an administrative EEO claim, so that any claim based on the transfer is time-barred.

36.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 36 of the Complaint, and on that basis denies the allegations.  Further answering, defendant states that Robert Hallett ceased to be plaintiff's supervisor upon plaintiff's transfer in April 1999.

37.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 37 of The Complaint, and on that basis denies the allegations.

38.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 38 of the Complaint, and on that basis denies the allegations.

39.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 39 of the Complaint, and on that basis denies the allegations.

40.    Paragraph 40 sets forth legal conclusions to which no response is required.   To the extent Paragraph 40 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

41.    Defendant admits that on or about December 6, 2001, plaintiff's supervisor, Dr. Chester Swett, issued a so-called written counseling to plaintiff.  Defendant denies the remaining allegations in Paragraph 41, and specifically denies any inference that such written counseling constituted discipline or an adverse employment action within the meaning of Title VII.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint, except that

defendant admits that the written counseling informed plaintiff that a failure to take vital signs was a performance issue that had been identified.

43.     Paragraph 40 sets forth legal conclusions to which no response is required.   To the extent Paragraph 40 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

44.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## COUNT I - RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3

45.     Defendant responds to Paragraph 45 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-44 of this Answer.

46.     The allegations in Paragraph 46 are conclusions of law to which no response is required.  To the extent Paragraph 46 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

47.     The allegations in Paragraph 47 are conclusions of law to which no response is required.  To the extent Paragraph 47 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

48.     The allegations in Paragraph 48 are conclusions of law to which no response is required.  To the extent Paragraph 48 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

49.     The allegations in Paragraph 49 are conclusions of law to which no response is required.  To the extent Paragraph 49 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

50.     The allegations in Paragraph 50 are conclusions of law to which no response is required.  To the extent Paragraph 50 is deemed to set forth factual allegations to which a

response is required, such allegations are denied.

51.     The allegations in Paragraph 51 are conclusions of law to which no response is required.  To the extent Paragraph 51 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

52.     The allegations in Paragraph 52 are conclusions of law to which no response is required.  To the extent Paragraph 52 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

To the extent that any allegation of the Complaint remains unanswered, defendant denies such allegation.

WHEREFORE, Defendant United States requests that this Court enter an order denying the plaintiff's prayers for relief; denying all other relief sought by the plaintiff; dismissing the Complaint with prejudice and with costs; entering judgment in favor of the United States; and awarding to defendant United States such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over the action and the action is barred due to plaintiff's failure to comply with the administrative prerequisites necessary to assert such claims. Plaintiff's failure to file such a complaint constitutes a failure to exhaust his administrative remedies.

### THIRD DEFENSE

Contrary to the allegations of the Complaint, defendant acted with no improper or retaliatory motive in regard to plaintiff or his employment. Defendant did not discriminate against plaintiff. To the contrary, all actions taken by defendant were motivated by legitimate, nondiscriminatory, nonretaliatory business reasons.

### FOURTH DEFENSE

Each of the Counts asserted against defendant fails, as a matter of law, to allege actions, conduct or omissions on the part of defendant sufficient to sustain an award of compensatory, consequential, exemplary, punitive or multiple damages, costs, attorneys' fees or equitable or declaratory relief under any of the statutory provisions cited in the Complaint.

### FIFTH DEFENSE

Contrary to plaintiff's prayer for relief, no exemplary, punitive, multiple, consequential or compensatory damages may be awarded against the federal government on his discrimination claims, and Plaintiff's claims for exemplary damages should be stricken.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendant, having fully answered the allegations in the Complaint,

respectfully requests that this Court enter an order denying the plaintiff's prayers for relief;

denying all other relief sought by the plaintiff; dismissing the Complaint with prejudice and with

costs; entering judgment in favor of the defendant; and awarding to defendant such further relief

as the Court deems just and proper.

Respectfully submitted,

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney

Date: May 19, 2005          /s/Barbara Healy Smith
                    By:    Barbara Healy Smith
                           Assistant U.S. Attorney
                           John Joseph Moakley U.S. Courthouse
                           1 Courthouse Way, Suite 9200
                           Boston, MA 02210
                           (617) 748-3263

11